1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARVELLOUS A. GREENE aka
Marvellous Afrikan
Warrior,[1]

              Petitioner,

        vs.

CLARK DUCART, Warden,

           Respondent.

) Case No. CV 15-0864-DDP (JPR)
)
)
) ORDER TO SHOW CAUSE
)
)
)
)
)
)
)
)

    On February 6, 2014, Petitioner filed a largely indecipherable Petition for Writ of Habeas Corpus by a Person in State Custody.  He appears to challenge his 1996 nolo contendere plea in Los Angeles County Superior Court to rape and related offenses.[2]  (Pet. at 2.)  Petitioner acknowledges that he has

---

    [1]   The Court's review of the PACER database shows that Petitioner has filed dozens of civil-rights lawsuits and habeas petitions, mostly in the Eastern District of California, under the name Marcellus Greene.

    [2]   In Marcellus Alexander Greene Sr. v. People of the State of California, CV 00-0023-JSL (EE) (C.D. Cal. Dec. 8, 1999), Petitioner apparently challenged a 1994 assault conviction.  Thus, this Petition does not appear to be successive.  See 28 U.S.C.

never raised the claims in the Petition in the California Supreme Court.  (See Pet. at 3-4 (showing that he did not file petition for review and filed state habeas petition only in superior court).)  He asserts that he did not earlier raise the claims because he

> was on psy meds. major depression, being in guilt of being raped x2 within 3 year span.  Then again in 2009 at CSP SAC.  Orlando gave me Hep C.  My Marvellous body have beat the dirty virus!  Dr. Marlus A. (1996-2000) Greene I, was at West Point when the funds he sent me was stolen by the Attorney Dr. Joe had hired.  All was part of a higher, plan of planners, my Creator Father Supreme.

(Pet. at 3.)  Similarly, in his attached state superior court petition, he asserts that "any delay in the discovery of the claimed grounds for relief" arose

> due to my mental disease of manic depression.  I was not at liberty to cipher the light.  I have now, had a medication change and now I'm ready!!

(Pet. Attach. at 6 of 14.)

The Petition appears subject to dismissal because none of the claims in it have been exhausted.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (fully unexhausted habeas petitions must be dismissed).  Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the

---

§ 2244(b).

remedies available in state court.[3]  Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509 (1982).  Here, Petitioner acknowledges that he has never raised his claims in the California Supreme Court.

The Petition also appears to be untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner generally has one year from the date his conviction becomes final to file a federal habeas petition.  See § 2244(d).  That statute provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]   A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.

Petitioner's conviction apparently became final sometime in 1996 or 1997; his Petition is thus some 17 years or so too late. To the extent the Court can decipher Petitioner's claims,[4] it does not appear that he is entitled to a later trigger date under

---

[4] The Petition is virtually devoid of facts in support of Petitioner's claims. If the Petition survives this OSC, it will nonetheless have to be dismissed with leave to amend because it states no possible basis for relief.

4

1  subsection (1)(D), as the claims all seem to concern facts that

2  must have been known to him at the time of trial or soon

3  thereafter.  Moreover, Petitioner's only apparent state habeas

4  petition was filed well after the statute of limitations had

5  already run (see Pet., Ex. B (Nov. 24, 2014 superior-court order

6  denying habeas petition filed Nov. 13, 2014), so he does not

7  appear to be entitled to any statutory tolling.  See Ferguson v.

8  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that §

9  2244(d) "does not permit the reinitiation of the limitations

10 period that has ended before the state petition was filed").

11     In certain circumstances, a habeas petitioner may be

12 entitled to equitable tolling of the limitation period.  See

13 Holland v. Florida, 560 U.S. 631, 645 (2010).  But the petitioner

14 must show that (1) he has been pursuing his rights diligently and

15 (2) "some extraordinary circumstance stood in his way."  See Pace

16 v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Petition is

17 lacking any facts that could conceivably entitle Petitioner to

18 equitable tolling.  Although he claims to have been suffering

19 from a mental illness, he has filed dozens of pleadings in

20 various courts since his conviction became final, and not all of

21 them have been dismissed on procedural grounds.  See, e.g.,

22 People v. Greene, No. C042419, 2003 WL 21493691, at *1 (Cal. Ct.

23 App. June 30, 2003) (considering merits of claim Petitioner

24 raised in pro se supplemental brief on appeal from conviction for

25 possessing weapon in prison).  Accordingly, mental illness cannot

26 account for Petitioner's failure to earlier raise his claims.

27 See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005)

28 (denying equitable tolling in part because petitioner filed

petition in state court during limitation period), <u>amended on other grounds by</u> 447 F.3d 1165 (9th Cir. 2006).

A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground.  <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35 (1987); <u>Stone v. City & Cnty. of S.F.</u>, 968 F.2d 850, 856 (9th Cir. 1992) (dictum).  A district court also has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond.  <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **March 23, 2015**, Petitioner show cause in writing, if he has any, why the Court should not dismiss this action because it is untimely and because Petitioner has failed to exhaust his state remedies as to any of his claims.  Plaintiff is advised that his failure to timely comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: February 24, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

6